UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ALANTE JONES,

          Plaintiff,

v.

UNKNOWN CARR et al.,

          Defendants.
_____/

Case No. 1:25-cv-728

Honorable Ray Kent

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court has granted Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that Defendants are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way Defendants are not a parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record

2

does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.   Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the following ECF staff: Nurse Unknown Carr, Nurse Kirsten Marier, and Correctional Officer J. Smith. (Compl., ECF No. 1, PageID.2.) Plaintiff sues Defendants in their official capacities only. (*Id.*)

Plaintiff alleges that, on May 8, 2025, Defendant Carr gave Plaintiff the wrong medication—specifically, "Remron and BoostBar"—resulting in significant adverse effects. (*Id.*,

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

PageID.3.) That evening, Plaintiff reported to Defendant Smith that he was not feeling well, and it was confirmed by Defendant Marier that Plaintiff had been given the wrong mediation. (*Id.*) Based on the foregoing allegations, the Court construes Plaintiff's complaint to raise Eighth Amendment claims against Defendants. As a result of these events, Plaintiff seeks monetary relief. (*Id.*, PageID.4.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Official Capacity Claims

Plaintiff sues Defendants in their official and individual capacities. (Compl., ECF No. 1, PageID.2.) A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

#### 1.    Defendants Employed by the MDOC

As to any Defendants employed by the MDOC, Plaintiff's official capacity claims against these Defendants are equivalent to claims against the MDOC.

The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Moreover, the State of Michigan (acting through the MDOC) is not a "person" who may

be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. at 66).

Here, Plaintiff seeks monetary damages only. However, as noted above, the MDOC is not a "person" who may be sued under § 1983 for money damages. *See, e.g.*, *Lapides*, 535 U.S. at 617). Therefore, Plaintiff may not seek monetary damages against any Defendants employed by the MDOC in their official capacities.

Accordingly, Plaintiff has failed to state a claim against any Defendants employed by the MDOC in their official capacities upon which relief can be granted, and his official capacity claims against any Defendants employed by the MDOC will be dismissed for failure to state a claim.

### 2. Defendants Employed by a Prison Medical Provider that Contracts With the State

With respect to any Defendants employed by a private entity that contracts with the state to provide healthcare to inmates, Plaintiff's official capacity claims are equivalent to a suit against the private entity. A private entity that contracts with a governmental entity to perform a traditional governmental function like providing healthcare to inmates can "be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West*, 487 U.S. at 54). The requirements for a valid § 1983 claim against a municipality apply equally to private corporations that are deemed state actors for purposes of § 1983. *See Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) (recognizing that the holding in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), has been extended to private corporations); *Street*, 102 F.3d at 817–18 (same); *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 409 (2d Cir. 1990) (same); *Cox v. Jackson*, 579 F. Supp. 2d 831, 851–52 (E.D. Mich. 2008) (same).

"Under 42 U.S.C. § 1983, while a municipality can be held liable for a constitutional violation, there is no vicarious liability based on the acts of its employees alone." *Lipman v. Budish*,

6

974 F.3d 726, 747 (6th Cir. 2020) (citing *Monell*, 436 U.S. 690–91). Instead, a municipality "can be sued under § 1983 only when a policy or custom of that government caused the injury in question." *Id.* (citations omitted). "[T]he finding of a policy or custom is the initial determination to be made in any municipal liability claim." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). Further, the policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005) (citing *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003)); *Claiborne Cnty.*, 103 F.3d at 508–09.

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff's department. *See Monell*, 436 U.S. at 690. Moreover, the United States Court of Appeals for the Sixth Circuit has explained that a custom "for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law." *Claiborne Cnty.*, 103 F.3d at 507. "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id.*

Here, Plaintiff fails to allege the existence of a custom or policy of the private entity, let alone that any policy or custom was the moving force behind his alleged constitutional injury. Where a plaintiff fails to allege that a policy or custom existed, dismissal of the action for failure to state a claim is appropriate. *Rayford v. City of Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir. Feb. 2, 1987). Furthermore, even liberally construing Plaintiff's complaint, as the Court is required to do, even if Plaintiff intended to suggest the existence of a custom, his allegations are wholly conclusory. *Cf. Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when plaintiff allegation of policy or custom was

conclusory, and plaintiff failed to allege facts tending to support the allegation). Accordingly, because Plaintiff fails to allege the existence of a policy or custom of the private entity, Plaintiff's official capacity claims against any Defendants employed by a private entity that contracts with the state to provide healthcare to inmates will be dismissed.

### B.      Individual Capacity Claims

Plaintiff specifically indicates that he sues Defendants in their official capacities only. (Compl., ECF No. 1, PageID.2.) However, even if Plaintiff had sued Defendants in their individual capacities, as explained below, his claims would be dismissed for failure to state a claim.

The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008). Obviousness, however, is not strictly limited to what is detectable to the eye. Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear. *See, e.g., Rouster v. Saginaw Cnty.*, 749 F.3d 437, 446–51 (6th Cir. 2014) (holding

that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted), *abrogation on other grounds recognized by Lawler as next friend of Lawler v. Hardeman Cnty., Tennessee*, 93 F.4th 919, 927 (6th Cir. 2024).

  The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence. . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842).

  First, in this action, Plaintiff alleges only that he reported to Defendant Smith that he was not feeling well and that Defendant Marier acknowledged that Plaintiff had been given the wrong

9

medication. (Compl., ECF No. 1, PageID.3.) However, as with any § 1983 claim, "each [g]overnment official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. Plaintiff's allegations, accepted as true, do not suggest that Defendants Smith and Marier were deliberately indifferent to Plaintiff's medical needs. Plaintiff's allegations also do not show that Defendants Smith and Marier played any role in administering the wrong medication to Plaintiff on May 8, 2025. Thus, Plaintiff fails to state an Eighth Amendment claim against Defendants Smith and Marier.

Moreover, Plaintiff alleges only that Defendant Carr provided Plaintiff with the wrong medication. Plaintiff fails to allege any facts that would suggest that Defendant Carr knew that she was giving Plaintiff the wrong medication when she provided him with Remron and BoostBar. Therefore, nothing in Plaintiff's recitation of facts plausibly suggests that Defendant Carr's administration of the wrong medication was anything but inadvertent error. Such facts cannot support a claim for deliberate indifference. *See Barnett v. Luttrell*, 414 F. App'x 784, 788 (6th Cir. 2011) ("Barnett alleges no facts suggesting that Terrie's incorrect administration of Dilantin was anything other than negligent. It thus constituted medical malpractice at most and cannot constitute an Eighth–Amendment violation.").

Accordingly, for each of the foregoing reasons, Plaintiff fails to state an Eighth Amendment claim against Defendants in their individual capacities.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore*, 114 F.3d at 611. For the same reasons the Court concludes that Plaintiff's claims are properly dismissed,

the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

  A judgment consistent with this opinion will be entered.


Dated: July 21, 2025       /s/ Ray Kent
                RAY KENT
                United States Magistrate Judge